IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DONALD MEEKS,<br><br>          **Plaintiff,**<br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br>**THE UNITED STATES POSTAL**<br>**SERVICE, and TYRONE DEVOE,**<br><br>          **Defendants.** | CIVIL ACTION FILE NO: |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** DONALD MEEKS, Plaintiff in the above-styled action, and states his Complaint for Damages against Defendants the United States of America, The United States Postal Service, and Tyrone Devoe as follows:

1.

Donald Meeks ("Plaintiff") is a resident of the State of Georgia and subjects himself to the jurisdiction of this Court.

2.

The claims herein are brought against The United States of America ("US"), The United States Postal Service ("USPS"), and Tyrone Devoe ("Defendant Devoe"), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of Defendant Devoe while acting within the scope of his office and employment with the USPS the US, and brought pursuant to 28 U.S.C. § 2671, et. seq , 28 U.S.C § 1402(b), 28 U.S.C. § 1346, 28 U.S.C. § 2675, 39 U.S.C. § 409(c), and 39 U.S.C. § 2603.

3.

The United States District Court for the Northern District of Georgia, Rome Division, has subject matter jurisdiction in their case under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1), in that the claims alleged herein arise under the Federal Tort Claim Act and involve federal questions, and thus these questions are addressed to the exclusive jurisdiction of the United States District Courts.

4.

Venue as the US is proper in the United States District Court for the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. § 1402(b), because all acts, omissions, and acts of negligence alleged herein occurred in Paulding County, Georgia, within the Northern District of Georgia, Rome Division.

5.

Venue as to the USPS is proper in the United States District Court for the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. § 1391 because all acts, omissions, and acts of negligence alleged herein occurred in Paulding County, Georgia, within the Northern District of Georgia, Rome Division.

6.

Defendant Devoe is a citizen and resident of the State of Georgia, whose last known residence is 106 Colt Lane, Dallas, GA 30132-8527. Defendant Devoe is subject to the jurisdiction of their Court and may be served by issuing Summons and a second original of this Complaint to him at his address of: 106 Colt Lane, Dallas, GA 30132-8527.

7.

Pursuant to FRCP 4(i), service of process upon the US may be perfected by delivering a copy of the Summons and Complaint to the United States Attorney for the Northern District of Georgia, or by sending a copy of the Summons and Complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney; and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

8.

Pursuant to FRCP 4(i)(2), service of process upon the USPS, a United States agency, may be perfected by delivering a copy of the Summons and Complaint to the agency, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires.

9.

Pursuant to FRCP 4(i)(2), service of process upon the Defendant Devoe, a United States employee, sued in his official capacity, may be perfected by delivering a copy of the Summons and Complaint by registered or certified mail to Defendant Devoe's residence.

10.

Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

11.

Defendants were provided notice of Plaintiff's claim for damages June 29th, 2024, via certified mail, and were provided Plaintiff's Demand to resolve his claims. *See* Demand and SF-95 Form attached hereto as **Exhibit A**. As of the date of filing this Complaint, there has been no

final disposition of the claim by settlement, nor has the claim been denied in writing. Accordingly, the Plaintiff deems such failure to make final disposition of the claim within the six-month period prescribed by 28 U.S.C. § 2675(a) to be a denial thereof and elect to file this action.

12.

On January 11, 2025, Plaintiff Donald Meeks was operating a 2005 Lexus ES330 ("Plaintiff's Vehicle") traveling southbound on GA 61 in Paulding County, State of Georgia.

13.

At or about that same time, Defendant Devoe was travelling northbound on GA 61 in Paulding County, State of Georgia, driving a USPS vehicle ("Defendants' Vehicle"), which was owned, controlled, or leased by Defendant USPS, when he failed to maintain proper lookout, failed to maintain proper distance from Plaintiff's vehicle, failed to properly apply his brakes, and failed to maintain his lane when he crossed the double-yellow center line and collided with the front of Plaintiff's vehicle, causing a significant collision (Subject Collision").

14.

Defendant Devoe was negligent in operating the Defendants' Vehicle, owned by the USPS.

15.

Plaintiff's claims against the US are based on the negligent acts and omissions of Defendant Devoe, who was acting within the course and scope of his employment with the US and the USPS, a federal agency, at the time of the events described herein under such circumstances that the US, if a private person, would be liable and vicariously liable to the Plaintiff in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

16.

Defendant Devoe negligence included, but is not limited to, one or more of the following:

a.  In failing to make reasonable and proper observations while operating Defendants' Vehicle or, if reasonable and proper observations were made, failing to act thereon;

b.  In operating Defendants' Vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241, namely the Plaintiff herein;

c.  In driving Defendants' Vehicle on the wrong side of the roadway in violation of  O.C.G.A. § 40-6-48;

d.  In failing to make timely and proper application of brakes in  violation  of O.C.G.A. § 40-6-241;

e.  In operating the vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

f.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

17.

Defendant Devoe was and is negligent *per se* for his actions as described above.

18.

Defendant Devoe failed to operate the vehicle owned by Defendant USPS with the due care exercised by individuals in like or similar circumstances and operated the Defendants' Vehicle in a manner showing a disregard for the safety of others, including especially the Plaintiff herein.

19.

Defendant Devoe's actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

20.

At all relevant times, Defendant Devoe was acting at the direction and under the control of Defendants the US, and USPS.  Further, Defendant Devoe was operating Defendants' Vehicle in the course and scope of his employment with Defendant USPS with its permission.

21.

Defendants the US, and USPS are liable for the actions and omissions of Defendant Devoe through *respondent superior* because, at all relevant times, Defendant Devoe was acting within the scope of his employment and/or agency.

22.

The USPS negligently hired, supervised, trained, and retained Defendant Devoe and negligently entrusted motor vehicle operation responsibilities to Defendant Devoe.  The USPS negligently failed to implement and utilize proper procedures to evaluate Defendant Devoe' skills and expertise for the operation of said motor vehicle.

23.

 Defendants the US, and the USPS had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendants the US, and USPS are liable for the negligent supervision, hiring, training, and retention of their management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

24.

Defendant USPS was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

25.

Defendants the US, and USPS were and are negligent *per se.*

26.

Defendant the US, and USPS were negligent for all other acts of negligence as may be shown at trial.

27.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff sustained substantial injuries including back pain, neck pain, head pain, and multiple additional musculoskeletal complaints, and damages including medical and other reasonable and necessary expenses, mental and physical pain and suffering due to the injuries to his body, musculoskeletal and nervous system, which required both invasive and non-surgical procedures and therapies and which will likely require additional care into the future, personal inconvenience, plus an inability to lead a normal life.

28.

As a result of the subject collision, Plaintiff incurred reasonable and necessary medical bills in an amount of $163,055.85 and his medical treatment is ongoing.

29.

Plaintiff will require additional and ongoing medical treatment for the injuries he sustained as a direct result of the Subject Collision and the Defendants' negligence.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That their matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as there, Court deems just and appropriate.


Ther 22nd day of January 2026.

> Respectfully submitted,


> /s/ *Blake Kilday*
> Blake Kilday
> Georgia Bar No. 376645
> *Attorney for Plaintiff*

Morgan and Morgan PLLC
11605 Haynes Bridge Rd, Suite 490
Alpharetta, GA  30009
Telephone: 404-965-1966
blake.kilday@forthepeople.com